54 F.3d 774
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Shawn Lee COLLINS, Defendant-Appellant.
 No. 94-5501.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 28, 1995.
Decided: May 19, 1995.
 
 George Alan DuBois, Federal Public Defender's Office, Raleigh, NC, for Appellant. Janice McKenzie Cole, United States Attorney, John Howarth Bennett, Assistant United States Attorney, Raleigh, NC, for Appellee.
 Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Shawn Collins (Collins) appeals his conviction of one count of possession with intent to distribute cocaine base. Collins contends that the district court abused its discretion in admitting, under Fed. R. of Evid. 404(b), evidence of Collins's prior state conviction for drug distribution in 1989. Because we find that the district court did not abuse its discretion in admitting this evidence, we affirm the conviction.
 
 
 2
 On July 22, 1992, a priority mail package addressed to Collins arrived at the Pantego, North Carolina, Post Office. The package aroused the postmaster's suspicion because it contained a return address from Brooklyn, New York. The postmaster forwarded the package to Raleigh for further inspection. That same day and the next day, Collins came to the post office and inquired about the package. He told the clerk that he was expecting a package from New York. The clerk told Collins that the package was not there, and Collins left.
 
 
 3
 In Raleigh, the package was examined by a postal inspector using a drug detection dog. After the dog alerted to the package, a search warrant was obtained and the package was opened. A hollowed-out paperback book containing 63.61 grams of cocaine was found in the package. The return address on the package was false.
 
 
 4
 The postal authorities decided to conduct a controlled delivery of the package. They took the package to the Pantego Post Office and called Collins, informing him of the package's arrival. Collins arrived and picked up the package. The postal agents confronted Collins, and Collins fled, discarding the package.
 
 
 5
 Collins remained a fugitive until September 20, 1993, when he surrendered to the authorities. While he was a fugitive, Collins lived in New York City from May 1993 until he surrendered. When Collins was initially questioned about the incident, he denied having been at the Pantego Post Office on July 24, 1992. At trial, Collins admitted being at the post office, but denied any knowledge of the package's contents, stating that he thought the package was for his brother.
 
 I.
 
 6
 Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed.R.Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. Rule 404(b) is not a rule of exclusion, but rather a rule of inclusion. United States v. Watford, 894 F.2d 665, 671 (4th Cir.1990). The decision to admit evidence under Rule 404(b) is within the trial court's discretion. United States v. Mark, 943 F.2d 444, 447 (4th Cir.1991). This court has held that evidence of prior bad acts is admissible under Rule 404(b) if the evidence is "(1) relevant to an issue other than character; (2) necessary; and (3) reliable." United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988) (footnotes omitted).
 
 
 7
 Under Rawle, this court must first determine what, if any, relevance the evidence has to the issue for which it was offered. United States v. Hernandez, 975 F.2d 1035, 1039 (4th Cir.1992). The Government sought to admit evidence of Collins's prior conviction of a drug offense to establish intent to distribute. Since Collins was charged with possession with intent to distribute, his plea of not guilty placed his intent in issue and evidence of prior bad acts is admissible to establish intent. Mark, 943 F.2d at 448. Tenuous and remote bad act evidence, however, is not admissible to show intent. Hernandez, 975 F.2d at 1039. The evidence must have been sufficiently related to the offense for which Collins was charged. Rawle, 845 F.2d at 1247 n. 3.
 
 
 8
 This court has held that the admission of Rule 404(b) evidence to show intent must be examined on a case-by-case basis, with meticulous attention to the facts of each case. Hernandez, 975 F.2d at 1040. The evidence of the prior drug conviction showed that Collins, as a prior drug dealer, had the intent to distribute the cocaine once he received it. Thus, this evidence was relevant to the issue for which it was being offered.
 
 
 9
 The second and third steps of the analysis of 404(b) evidence under Rawle, are whether the evidence is necessary and reliable. Rawle, 845 F.2d at 1247. While Collins does not contest the reliability of his prior conviction, he does contend that its admission was unnecessary. Evidence which is an essential part of the crime on trial or which partially furnishes the crime's context, is necessary and admissible. Id. at 1247 n. 4. The evidence of the prior drug conviction, by proving intent to distribute, was an essential part of the crime being tried and it provided the crime's context. Consequently, its admission was necessary.
 
 II.
 
 10
 Even if this Court were to find that the North Carolina conviction passed muster under Rawle, the conviction would still be inadmissible if its probative value was substantially outweighed by its prejudicial effect. Hernandez, 975 F.2d at 1041. Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. As discussed above, the evidence of Collins's prior conviction had probative value. The question is whether this probative value was substantially outweighed by the danger of unfair prejudice. Mark, 943 F.2d at 449. Evidence that one has distributed drugs is highly prejudicial and is probably one of the worst crimes to be accused of committing. See United States v. Madden, 38 F.3d 747, 753 (4th Cir.1994) (reasoning that drug crimes are highly prejudicial). Collins's prior drug conviction went directly towards proving intent to distribute. Thus, we find that the district court did not abuse its discretion in determining that the probative value of this evidence outweighed its prejudicial effect.
 
 III.
 
 11
 This Court has previously addressed harmless error analysis under 404(b).
 
 
 12
 Where error is founded on a violation of Rule 404(b), the test for harmlessness is "whether we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Nyman, 649 F.2d 208, 211-12 (4th Cir.1980) (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946)). This inquiry is not whether, absent the improperly admitted evidence, sufficient evidence existed to convict. Id. at 212. Rather than focusing particularly on the quantum of evidence, we are asked whether we can say that we believe it "highly probable that the error did not affect the judgment." Id. (quoting R. Traynor, The Riddle of Harmless Error 34-35 (1976)).
 
 
 13
 Madden, 38 F.3d at 753 (emphasis in original). There was sufficient evidence to convict Collins without evidence of the prior drug conviction. It is undisputed that the package Collins picked up contained a quantity of cocaine, that he inquired about its status repeatedly, that he fled and discarded the package when he was confronted, and that he remained a fugitive in New York for over a year after his escape. Thus, it is highly probable that the admission of Collins's prior drug conviction did not affect the jury's decision. Consequently, even if the district court abused its discretion in admitting the prior state conviction, it was harmless error.
 
 
 14
 We therefore affirm Collins's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.
 
 AFFIRMED